**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| TERESA ANNIS, | No. 13-35235 |
| Plaintiff - Appellant, | D.C. No. 1:11-cv-03157-MA |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINSTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, Senior District Judge, Presiding

Argued and Submitted March 4, 2015
Portland Oregon

Before: FISHER, PAEZ and IKUTA, Circuit Judges.

Teresa Annis appeals the district court's judgment upholding the

administrative law judge's ("ALJ") denial of her application for Social Security

disability insurance benefits and Supplemental Security Income disability benefits.

We review the district court's order de novo, *see Valentine v. Comm'r Soc. Sec.*

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

*Admin.*, 574 F.3d 685, 690 (9th Cir. 2009), and the ALJ's determination of no disability for substantial evidence and harmful legal error, *see Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008). We affirm in part, reverse in part and remand to the district court with instructions to remand to the ALJ for further proceedings.

**1.** The Commissioner concedes the ALJ erred in determining Annis' work in 2006 was "substantial gainful activity." *See* 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). The error was harmless, however, because the ALJ based his disability findings on alternative and independent reasons under the five-step sequential analysis of §§ 404.1520(a)(4) and 416.920(a)(4). *See Tommasetti*, 533 F.3d at 1042-43.

**2.** The ALJ properly rejected Annis' testimony that she suffers from joint and nervous system impairments, lupus, colon cancer, a gall bladder problem and restless leg syndrome for lack of objective medical evidence. *See id.* at 1039. As for her conditions for which there was objective medical evidence, the ALJ offered "specific, clear and convincing reasons" for discrediting Annis' testimony about the severity of her symptoms. *Id.* She failed to undergo prescribed treatment for her wrist injury, she did not complain of fibromyalgia until over two years after the alleged date of onset, and the ALJ referenced daily activities that were not

altogether consistent with the severity of pain, weakness and fatigue she alleged. Additionally, she sometimes denied experiencing headaches and fatigue, and there was evidence of possible narcotics abuse.

**3.** The ALJ did not err in discrediting the testimony of Annis' mother. Although some of the reasons he offered for her lack of credibility were not supported by the record, others were. For example, he noted the discrepancies between Annis' and her mother's testimonies regarding the help she needs with personal care, and that Annis' mother identified a driving limitation Annis had never mentioned. These reasons for discrediting testimony were "germane to [the] witness." *Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) (quoting *Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993)).

**4.** The ALJ properly rejected the limitations identified by Annis' treating physician Dr. Gilmour in his February 20, 2008 letter. Because Dr. Gilmour's evaluation was contradicted by examining physician Dr. White-Chu, the ALJ only had to put forward "specific and legitimate reasons" for rejecting it. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1222 (9th Cir. 2010). He did so. Dr. Gilmour's assessment that Annis had been unable to work and "basically house bound" for the previous four to five years was based on thin objective medical evidence, and it was inconsistent with her having worked two years before he

3

wrote the letter. He also failed to consider Annis' potential secondary gain motivation in seeking narcotics, and he incorrectly stated that Annis' rheumatologist diagnosed her with lupus.

**5.** The ALJ improperly disregarded the uncontradicted opinion of Annis' examining physician without providing "clear and convincing reasons." *Id.* Dr. White-Chu determined that Annis could "stand and/or walk for six hours during an eight-hour day," but "[s]he may need *rest* every half hour for about five minutes given the possible degenerative joint disease in her back and neck." (Emphasis added.) He also said she "can sit without restrictions but would also benefit from standing up every half hour for about 5-10 minutes to stretch out her neck and back." Without providing an explanation, the ALJ narrowed Dr. White-Chu's recommended limitations in his residual functional capacity assessment and in his hypothetical question to the vocational expert, asking whether jobs existed in the economy that had a "sit/stand option" and that allowed the worker "to change position *not at will or not frequently*." (Emphasis added.) Because the ALJ based his finding that Annis could perform other work in the national economy on the vocational expert's answer to this incomplete hypothetical, his determination of no disability at step five was based on a legal error. We therefore direct the district court to remand this case with instructions for the ALJ to reconsider the improperly

4

rejected testimony of Dr. White-Chu, to recontact the doctor to clarify any ambiguity in his recommendations, and then to reconsider Annis' residual functional capacity and ability to perform work at steps four and five. *See Vasquez v. Astrue*, 572 F.3d 586, 597 (9th Cir. 2009).

The Commissioner shall bear the costs of this appeal.

**AFFIRMED IN PART, REVERSED IN PART AND REMANDED.**